## CHARLES TIMMONS *v.* THE STATE.

CRIMINAL LAW. *Larceny. Surplusage in verdict. Effect.*

> Upon an indictment for the larceny of various articles, aggregating in value $30, the jury returned a verdict in the following language: "We, the jury, find the prisoner guilty to the amount of thirteen dollars." *Held*, that the verdict is a perfect finding of the crime charged, — grand larceny, — and the qualifying words do not vary its meaning or effect; the whole being equivalent to finding the defendant guilty, and assessing the value of the things stolen at $13. *Traube* v. *The State, ante*, p. 153, cited.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

The plaintiff in error was tried upon an indictment charging him with the larceny of various articles, aggregating in value $30. The jury returned a verdict in the following language: " We, the jury, find the prisoner guilty to the amount of thirteen dollars." The defendant moved in arrest of judgment. His motion was overruled, and he sued out a writ of error.

*M. Marshall*, for the plaintiff in error.

1. The verdict does not respond to all the allegations of the indictment, and, therefore, is not a general verdict.

2. It does not specify the articles, value, venue, etc., which are essentials to constitute the offence charged, and, therefore, is a defective, special, or partial verdict.

3. There being only one count in 'the indictment, the verdict cannot be a divisible verdict.

4. The verdict being uncertain to an unlimited extent, no judgment could be pronounced upon it; or, if judgment was rendered thereon, and the defendant should be again charged with the same offence, he could not avail of the plea of " former conviction." Whart. Cr. Law, sects. 3183, 3188; 49 Barb. 122; 27 Pick. 509; 8 Mich. 104; 49 Miss. 8; 1 Bishop's Cr. Law, sect. 677; 8 Smed. & M. 576, 583, 585.

*T. C. Catchings*, Attorney-General, for the State.

The words in the verdict, " to the amount of thirteen dollars," are mere surplusage, and cannot affect the balance of the verdict. Strike them out, and we will still have a per-

fect finding, responsive to issue.    Traube v. The State, ante, p. 153.

Campbell, J., delivered the opinion of the court.

In Traube v. The State, ante, p. 153, it was held by the court, that the addition, to a verdict of guilty, of words of qualification which do not legally affect a perfect finding, will not prevent judgment from being pronounced upon the verdict.   In other words, if the jury find the defendant guilty of the charge in the indictment, and superadd words which do not vary the effect of such finding, it is good, because of the finding of guilty, notwithstanding the superadded words, which will be rejected as surplusage.

In this case, the words added to the finding of guilty do not vary its meaning or effect.   It is equivalent to saying, that the jury find the defendant guilty, and assess the value of what he stole at $13.   If he was guilty of stealing the goods described in the indictment, to the value of $13, he was guilty of the crime charged, — i.e., grand larceny.

Judgment affirmed.